**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CV 13-2141-PHX-GMS (MHB) |
| ) | |
| Plaintiff, ) | CR 09-1114-PHX-GMS |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Jose Luis Pita-Mota, ) | |
| ) | |
| Defendant/Movant. ) | |
| ) | |

TO THE HONORABLE G. MURRAY SNOW, UNITED STATES DISTRICT JUDGE:

Movant Jose Luis Pita-Mota, who is confined in the Federal Correctional Institution-Cumberland in Cumberland, Maryland, has filed a *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (CV 13-2141 ("CV") Doc. 1; CR 09-1114 ("CR") Doc. 333.) Plaintiff United States of America (the "Government") filed a Response (CV Doc. 4), but despite having the opportunity to do so, Movant has not filed a reply.

**BACKGROUND**

Movant raises three grounds for relief in the § 2255 Motion: (1) Movant's counsel was ineffective by failing to attempt to negotiate a favorable plea agreement; (2) Movant's counsel was ineffective by failing to object to the admission of a co-defendant's plea agreement on the ground that the plea agreement constituted a guilty plea of a non-testifying co-defendant; and (3) Movant's counsel was ineffective by failing to raise, on appeal, the issue that the Court abused its discretion in denying Movant's motion for severance and by

1    counsel's failure to argue the inadmissibility of a co-defendant's plea agreement as a
2    violation of Movant's rights to confrontation.

3    On June 3, 2010, a federal grand jury returned a Second Superseding Indictment
4    charging Movant with conspiracy and possession with the intent to distribute 50 grams or
5    more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), and
6    841(b)(1)(A)(viii); possession of firearms in furtherance of a drug trafficking offense, in
7    violation of 18 U.S.C. § 924(c); felon in possession of a firearm in violation of 18 U.S.C. §§
8    922(g)(1) and 924(a)(2); and illegal reentry by a removed alien in violation of 8 U.S.C. §
9    1326(a), as enhanced by § 1326(b)(1).  (CR Doc. 120.)  Three co-defendants were also
10   charged with those drug and similar firearm counts.  (Id.)

11   Jury trial began on June 22, 2010, after Movant and three co-defendants rejected plea
12   agreements. (CR Doc. 151 - RT 6/18/10 36-38.) On June 30, 2010, the jury found Movant
13   guilty of the two drug trafficking counts (Counts 1 and 2); felon in possession of a firearm
14   (Count 6); and illegal reentry of a removed alien (Count 9). (CR Doc. 162 - RT 6/30/10
15   1045-46.) The jury found Movant not guilty of possession of a firearm in furtherance the
16   drug trafficking offenses (Count 3). (Id.)

17   On October 21, 2010, the Court sentenced Movant to a sentence of 324 months'
18   imprisonment, the low end of the resulting Sentencing Guideline range, consisting of
19   concurrent terms of 324 months on each of the drug trafficking counts and 120 months on
20   the felon in possession and reentry after deportation counts. (CR Doc. 240 - RT 10/21/10
21   15-16.) The Court also sentenced Movant to concurrent terms of supervised release to follow
22   his release from imprisonment; five years on the drug trafficking counts, and three years on
23   the felon in possession and reentry after deportation counts. (Id.)

24   Movant appealed and argued that the Court erred (a) in allowing modus operandi
25   testimony regarding drug traffickers; (b) by admitting a redacted statement of a
26   non-testifying co-defendant; (c) by admitting "other act" evidence against two co-defendants;
27   (d) by admitting lay testimony of voice identification; and (e) by denying a downward
28   adjustment for acceptance of responsibility and imposing the 324-month sentence. See C.A.

- 2 -

1  No. 10-10514. The Ninth Circuit Court of Appeals rejected Movant's claims and affirmed his convictions and sentences in a memorandum disposition. (CR Doc. 320-1.) The Court of Appeals found that there was no reversible error and that "the evidence against Defendant was overwhelming." (Id. at 2-3.) The mandate issued on June 26, 2012. (CR Doc. 320.)

Movant filed a petition for certiorari to the United States Supreme Court on September 12, 2012. (CV Doc. 4, Exh. A.) The petition was denied on October 15, 2012. (CV Doc. 4, Exh. B.)

**DISCUSSION**

The Government claims that all three grounds for relief set forth in Movant's Motion are without merit and fail to establish that he is entitled to relief. The Government contends that Movant's Motion should be denied and dismissed with prejudice.

The two-prong test for establishing ineffective assistance of counsel was set forth by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See id. at 687-88. There is a strong presumption that counsel's conduct falls within the wide range of reasonable assistance. See id. at 689-90. To satisfy the second prong of the Strickland test, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

**A.   Ground One**

In Ground One, Movant claims that his counsel was ineffective for "failing to attempt to negotiate a favorable Plea Agreement, which would have given [Movant] the benefit of a less harsh sentence." However, Movant's claim is belied by the record. At the final pretrial conference, in Movant's presence, counsel for the Government memorialized a plea offer that had been tendered. Then, defense counsel memorialized Movant's decision to reject that plea offer:

- 3 -

> MR. MORSE: Your Honor, if the Court would indulge me.
>
> The government made a plea offer that was very favorable about two weeks ago and the defendants rejected it. I just want to make a record so they're advised of what they potentially face after trial.
>
> THE COURT: All right. Go ahead.
>
> MR. MORSE: Your Honor, as to Juan Carreno-Gutierrez . . . .
>
> MR. MORSE: Mr. Jose Luis Pita-Mota was offered to plea to the drug trafficking crime, the conspiracy offense, with a stipulation to 10 years in prison. I believe that because of his criminal history, he would be looking at a range between 210 to 293 months, plus an additional five years if he were convicted of the firearm in furtherance of the drug trafficking crime.
>
> THE COURT: Mr. Ralls?
>
> MR. RALLS: With Mr. Pita-Mota, Jose Luis, we've spent several hours discussing the government's plea offer, the Federal Sentencing Guidelines, the mandatory sentencing. Not only have I spoken with him, but I spent several hours with his family also discussing that, and it is his decision that he wants to proceed to trial.

(CR Doc. 267 - RT 6/18/10 35-38.)

The record conclusively establishes that defense counsel negotiated a plea agreement that would have resulted in a reduced sentence, and Movant rejected that plea agreement. Accordingly, the Court will recommend that Ground One be denied because counsel was not ineffective and Movant was not prejudiced.

**B.   Ground Two**

In Ground Two, Movant alleges that trial counsel was ineffective for failing "to object to the admission of Hernandez's plea agreement on the ground that the plea agreement constituted a guilty plea of a non-testifying co-defendant."

Co-defendant Hernandez pled guilty straight to the Indictment, without the benefit of a plea agreement. (CR Doc. 116.) Hernandez's plea agreement was neither marked as an exhibit nor admitted into evidence. (CR Doc. 164.)

Because Hernandez's plea agreement was not admitted into evidence, defense counsel was not ineffective for failing to object to non-existent evidence. Nor can Movant show the

- 4 -

result of the proceeding would have been different had his counsel objected. The Court will therefore recommend that Ground Two be denied.

### C. Ground Three

In Ground Three, Movant claims ineffective assistance of appellate counsel related to two issues: (1) the failure to appeal the Court's denial of his motion to sever; and (2) the failure to appeal regarding the admission of the Hernandez plea agreement.

As noted for Ground Two – there was no Hernandez's plea agreement and it was not admitted in Movant's trial. Moreover, the first issue is equally inconsistent with the record of the proceedings in this case as Movant's trial counsel advised the Court that the severance motion was moot after the Government agreed to redact the co-defendant's statement:

> THE COURT: All right.
>
> Then we have the Bruton motion by Mr. Ralls. Do you want to be heard on that, Mr. Ralls?
>
> MR. RALLS: Very briefly.
>
> The government has basically provided a redacted statement of the statements that will be given, testified to by the – by the agents. I'm satisfied that that deals with the issues that I had with the post-arrest statements. So at this point, I believe my motion is moot, in light of what the government has given me.
>
> THE COURT: All right. Thank you. Any other defendants want to be heard on that?
>
> MR. PARK: It's the same issue. Mr. Morse has already provided redacted statements as pertain to one of the non-testifying co-defendants, so if we can work that out, that's what he will be introducing.
>
> THE COURT: All right.

(CR Doc. 267 - RT 6/18/10 5-6.)

Following this exchange, the Court found that Movant's motion to sever defendants was moot. (CR Doc. 146.) Federal Rule of Criminal Procedure 12(b)(3)(D) requires a defendant to move to sever before trial, and to renew the motion at the close of evidence. See United States v. Sullivan, 522 F.3d 967, 981 (9th Cir. 2008). If the defendant does not renew the motion, he waives appellate review. See id. Because Movant conceded that the motion was moot and did not renew it at the close of evidence, appellate counsel could not

- 5 -

appeal the denial of severance. Therefore, the Court finds that appellate counsel was not ineffective, and will recommend that Ground Three be denied.

## CONCLUSION

Having determined that Movant has failed to satisfy either prong of the <u>Strickland</u> standard with respect to the claims asserted in his Motion, the Court will recommend that Movant's Motion to Vacate, Set Aside, or Correct Sentence be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Movant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1; CR Doc. 333) be **DENIED and DISMISSED WITH PREJUDICE**;

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. <u>See</u> 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. <u>See</u> <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. <u>See</u> Rule 72, Federal Rules of Civil Procedure.

DATED this 12th day of November, 2014.

Michelle H. Burns
United States Magistrate Judge